**NATALIE K. WIGHT, OSB #035576**
United States Attorney
District of Oregon
**PATRICK J. CONTI, OSB #141308**
Assistant United States Attorney
Patrick.Conti@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2936
Phone: 503.727.1000
     Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **KLAMATH COMMUNITY COLLEGE,** | Case No.: 1:21-cv-01700-CL |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| **UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, et al.,** | |
| Defendants. | |

    This Administrative Procedure Act case calls for the issuance of an Administrative Record that contains confidential information subject to protection under Federal Rule of Civil Procedure 26(c).

    The lawsuit concerns payment of educational benefits by the United States Department of Veterans Affairs ("VA") to Klamath Community College ("KCC") on behalf of approximately 30 individual students. The students are not parties to the lawsuit. Certain documents within the Administrative Record contain personal identifiable and sensitive information of the non-party students, including addresses, social security numbers, disability status, and

grades (the "Confidential Student Information"). The parties agree that the entry of this Protective Order is warranted to protect against disclosure of such documents and information.

The VA will file two separate administrative records: one designated "Confidential," which contains the unredacted Confidential Student Information (the "Confidential Administrative Record") and a second administrative record with the Confidential Student Information redacted or withheld (the "Public Administrative Record"). The Public Administrative Record is subject to this protective order only to the extent of the withheld documents. Documents in the Public Administrative Record that are not redacted or withheld are not restricted by any requirements in this Protective Order other than the requirements in paragraphs 10 and 11.

Based upon the above stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1. Documents in the Administrative Record labeled "Confidential" shall be used only in legal or administrative suits or proceedings ("Proceedings") between KCC and VA (the "Parties").

2. Use of any information or documents labeled "Confidential" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case or other Proceedings between the Parties and shall not be used by any party for any business, commercial, or competitive purpose. Further, this Protective Order does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document,

the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

      3.      The Parties may designate as "Confidential" documents that comprise the Administrative Record produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards.  The party shall designate each page of the document with a stamp identifying it as "Confidential," if practical to do so.

      4.      If portions of the Administrative Record deemed "Confidential" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

> CONFIDENTIAL
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 6 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential" that party shall reference this Protective Order in submitting the documents it proposes to maintain under seal.   If a non-designating party is filing a document that another party has designated as "Confidential" then the non-designating party shall file the document under seal.   If the non-designating party makes a request in writing to have the document unsealed and the designating party does not file, within ten calendar days, a

motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

     5.     "Confidential" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

     6.     Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

     a.     Outside counsel of record for the Parties, and the administrative staff of outside counsel's firms.

     b.     In-house counsel for the parties, and the administrative staff for each in-house counsel.

     c.     Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the Parties in this litigation and other Proceedings between the Parties.

        d.      Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the Parties in this litigation and other Proceedings between the Parties.

        e.      The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

        f.      The authors and the original recipients of the documents.

        g.      Any court reporter or videographer reporting a deposition.

        h.      Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

      7.      Prior to being shown any documents produced by another party marked "Confidential" any person listed under paragraph 6(c) or 6(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

      8.      Whenever information designated as "Confidential" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraph 7, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

      9.      Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order.   If a party believes that any documents or materials have

been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion,

the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

      10.     The inadvertent failure to designate a document as "Confidential" prior to disclosure shall not operate as a waiver of the party's right to later designate the document as "Confidential." The receiving party or its counsel shall not disclose such documents or materials if that party knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

      11.     Designation by either party of information or documents as "Confidential," or failure to so designate, will not constitute an admission that

information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential."

12. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

13. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

14. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

So stipulated:

*/s/ Vanessa T. Kuchulis*
Vanessa T. Kuchulis
Attorney for Plaintiff

*/s/Patrick J. Conti*
Patrick J. Conti
Attorney for Defendants

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

DATED: _____

_____
Hon. Mark D. Clarke

# EXHIBIT A

I, _____, have been advised by counsel of record for

_____ in _____

of the protective order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation. I have read a copy of the protective order and agree to abide by its terms.

_____
Signed

_____
Printed Name

_____
Date