**NATALIE K. WIGHT, OSB #035576**
United States Attorney
District of Oregon
**PATRICK J. CONTI, OSB #141308**
Assistant United States Attorney
Patrick.Conti@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2936
Phone: 503.727.1000
    Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **KLAMATH COMMUNITY COLLEGE,** | Case No.: 1:21-cv-01700-CL |
| Plaintiff, | **DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |
| v. | **Oral Argument Requested** |
| **UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, et al.,** | |
| Defendants. | |

## CERTIFICATE OF COMPLIANCE WITH LR 7-1

Starting on September 22, 2023, counsel for Defendants made multiple good faith attempts to confer with Plaintiff's counsel about this motion. Plaintiff's counsel responded that they were too busy to confer prior to the filing of this motion and never stated whether their client opposes this motion.

**Page 1 – Defs.' Motion for Judgment on the Pleadings**

## MOTION

Pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1), 12(c), and 12(h)(3), Defendants United States Department of Veterans Affairs and Secretary Denis McDonough (collectively, the "VA"), move for judgment dismissing this case for lack of subject matter jurisdiction. The motion is based on the following memorandum of law, Declaration of Patrick J. Conti ("Conti Decl."), and all filings in this matter.

## INTRODUCTION

The Veterans' Judicial Review Act ("VJRA"), Pub. L. No. 100-687, 102 Stat. 4105 (Nov. 18, 1988), confers exclusive jurisdiction to the United States Court of Appeals for Veterans Claims ("Veterans Court") and the Federal Circuit over all "questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." 38 U.S.C. § 511(a), (b). The Ninth Circuit holds that this broad jurisdictional bar "extends not only to cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits, but also to those decisions that may affect such cases." *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1025 (9th Cir. 2012) (en banc). This is such a case.

In this lawsuit, Plaintiff Klamath Community College ("KCC") challenges VA's alleged "scheme to *limit veterans' benefits*" and "claim that it overpaid KCC approximately $1.3 million *in Post-9/11 G.I. Bill benefits*." Am. Compl. ("FAC," ECF 25) ¶¶ 6, 11 (emphases added). Specifically, KCC alleges that "[a]lthough the VA had already approved [KCC's flight program], it decided, years later, that it

**Page 2 – Defs.' Motion for Judgment on the Pleadings**

should not have," and as a result "the veterans were not entitled to Post-9/11 G.I. Bill benefits." *Id.* ¶¶ 9, 50. And the suit asks the Court to set aside VA's decision "that *no benefits* (for any class) *should be paid* for any VA student enrolled in any of the flight degree programs at KCC for any period beginning on or after November 1, 2015." Joint Status Report ("JSR," ECF 51) at 2 (emphasis added), FAC ¶ 126 (same).

Because this case relates to whether veterans should receive education benefits, the Court "must cede any claim to jurisdiction over the case, and [KCC] must seek a forum in the Veterans Court and the Federal Circuit." *Veterans for Common Sense*, 678 F.3d at 1025–26; *see also Ashford Univ., LLC v. Sec'y of Veterans Affs.*, 951 F.3d 1332, 1341 (Fed. Cir. 2020) (concluding VJRA's exclusive jurisdiction provision applied to school's challenge to discontinuance of course approval).

## BACKGROUND

The Post-9/11 Veterans Educational Assistance Act of 2008 ("Post-9/11 G.I. Bill") provides education benefits to eligible veterans and other beneficiaries. These benefits include tuition, fees, and a monthly stipend for books and housing. 38 U.S.C. § 3313. VA pays tuition benefits directly to schools on behalf of enrolled veterans. *Id.* § 3313(h).

VA provides these education benefits pursuant to a comprehensive statutory and regulatory framework. As relevant here, VA only pays tuition benefits to a school if the "course is approved." *See* 38 U.S.C. § 3672(a). VA conducts annual compliance surveys to "ensure that such institutions … and approved courses are in

**Page 3 – Defs.' Motion for Judgment on the Pleadings**

compliance with all applicable provisions of chapters 30 through 36 of [Title 38]." 38 U.S.C. § 3693(a)(1)(A).  VA may suspend benefits if it finds "the [statutory] course approval requirements … are not being met" or the school "has violated one or more of the [statutory] recordkeeping or reporting requirements."  38 U.S.C. § 3690(b)(3)(A).  Additionally, VA can recover education benefits "[w]henever the Secretary finds that an overpayment has been made … relating to educational assistance under a law administered by [VA]."  38 U.S.C. § 3685.

In 2017, VA conducted an annual compliance survey of KCC pursuant to 38 U.S.C. § 3693 and found various discrepancies regarding compliance with VA laws and regulations.  FAC ¶¶ 36–42.  Based on those findings, VA determined that KCC students "were not entitled to Post 9-11 G.I. Bill benefits."  *Id.* ¶ 50.

KCC filed this action to challenge VA's decision that KCC was liable for "approximately $1.3 million in Post-9/11 G.I. Bill benefits."  FAC ¶ 11.  The administrative record for this case is for the following agency actions:

> (i) "that KCC owes approximately $1.3 million (or any amount) in overpayments related to [KCC's] aviation programs"; and (ii) "that no benefits (for any class) should be paid for any VA student enrolled in any of the flight degree programs at KCC for any period beginning on or after November 1, 2015," which KCC contends resulted from a decision by VA "to retroactively revoke its previous approval of the KCC Aviation Programs."

JSR (ECF 51) at 2 (quoting FAC ¶¶ 97, 126, 127).  VA has withdrawn the decisions finding KCC liable for the approximately $1.3 million in education benefits.  *See* Conti Decl. Ex. 1.

**Page 4 – Defs.' Motion for Judgment on the Pleadings**

KCC still though challenges VA actions that underlie the withdrawn decisions to recoup benefits paid to KCC. KCC challenges as arbitrary and capricious an April 3, 2018 "report to provide information concerning" individual discrepancies. FAC ¶¶ 44, 120. As alleged, VA conducted its annual compliance survey of KCC in the summer of 2017. *Id.* ¶ 34. As part of this oversight, on January 18, 2018, VA sent KCC a letter identifying discrepancies VA found after its review of beneficiary records. *Id.* ¶ 42; Conti Decl. Ex. 2. On April 3, 2018, VA provided KCC a 100-page "Compliance survey narrative report" that details discrepancies for each beneficiary. FAC ¶ 44; Conti Decl. Ex. 3.[1] As detailed in the report, VA found KCC violated its statutory recordkeeping, certification, and reporting requirements for its enrolled VA beneficiaries. *See* Conti Decl. Ex. 3. Second, KCC challenges an alleged VA decision "'that *no benefits* (for any class) should be paid for any VA student enrolled in any of the flight degree programs at KCC for any period beginning on or after November 1, 2015." FAC ¶ 126. KCC alleges this decision resulted from VA "retroactively revok[ing] its previous approval of the KCC Aviation Programs," and underlies VA's "finding that KCC was liable for over $1 million in overpaid Post-9/11 G.I. benefits." *Id.* ¶¶ 126–27.[2]

---

[1] VA contests that the January 2018 letter or April 2018 report constitute final agency action, but for purposes of this motion VA assumes without conceding so much.

[2] VA denies it could revoke approval for KCC's flight program or that its alleged doing so constitutes a final agency action, but for purposes of this motion VA accepts without conceding the contention.

**Page 5 – Defs.' Motion for Judgment on the Pleadings**

## LEGAL STANDARDS

Subject matter jurisdiction "can never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (cleaned up). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

When a party challenges subject matter jurisdiction under Rule 12(c), courts "treat the motion as if it had been brought pursuant to Rule 12(b)(1)." *See Matter of Martz*, No. 20-cv-00152-SLG, 2023 WL 3290921, at *3 (D. Alaska May 5, 2023) (citing Wright & Miller, Federal Practice and Procedure § 1367 (3d ed. April 2023 Update)).

In a challenge to jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "Federal courts are courts of limited jurisdiction" and an action is presumed to lie "outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[N]o presumptive truthfulness attaches to plaintiff's allegations," and the court may "hear evidence regarding jurisdiction and resolv[e] factual disputes where necessary." *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (citation omitted). When a court "lacks subject-matter jurisdiction, the court must dismiss the complaint." *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (citation omitted).

# ARGUMENT

A. **District Courts Lack Subject Matter Jurisdiction Over Cases that Relate to VA Benefits**

The VJRA, codified at various sections of Title 38, is a comprehensive remedial scheme that broadly bars district courts from "hearing cases related to VA benefits." *Veterans for Common Sense*, 678 F.3d at 1023. Section 511(a) of the VJRA provides in full that

> [t]he Secretary shall decide *all questions* of law and fact necessary to a decision by the Secretary under a law *that affects the provision of benefits* by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and *may not be reviewed by any other official or by any court*, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a) (emphasis added). This provision "creates a broad jurisdictional bar" to judicial review. *Gila River Indian Cmty. v. United States Dep't of Veterans Affs.*, 899 F.3d 1076, 1078 (9th Cir. 2018).

At the same time, the VJRA confers exclusive jurisdiction for benefits-related claims to the Article I Veterans Court, whose decisions are then subject to review by the Federal Circuit. 38 U.S.C. §§ 7252, 7261. Congress established the "independent [Veterans Court] … to rule on all disputes involving the [VA] and veterans … includ[ing] constitutional, statutory, and regulatory matters, and interpretations of law." H.R.Rep. No. 100–963, at 4, 1988 U.S.C.C.A.N. 5782, 5785–86. Congress did this to "limit outside 'court intervention' in the VA decisionmaking process," *Veterans for Common Sense*, 678 F.3d at 1022 (quoting H.R.Rep. No. 100–

**Page 7 – Defs.' Motion for Judgment on the Pleadings**

963, at 27), and to avoid "overburdening the district court system," *Bates v. Nicholson*, 398 F.3d 1355, 1364 (Fed. Cir. 2005).

Congress thus barred district courts from hearing claims related to VA benefits in two ways. "First, Congress has expressly disqualified [district courts] from hearing cases related to VA benefits in § 511(a) ("may not be reviewed by any … court"), and second, Congress has conferred exclusive jurisdiction over such claims to the Veterans Court and the Federal Circuit, *id*. §§ 511(b)(4), 7252(a), 7292(c)." *Veterans for Common Sense*, 678 F.3d at 1023. "The provisions may not be co-extensive, so if a claim comes within either provision, the district court is divested of jurisdiction that it otherwise might have exercised under 28 U.S.C. § 1331." *Id.*

The VJRA's dual provisions barring judicial review "demonstrate that Congress was quite serious about limiting [district court] jurisdiction over *anything dealing with the provision of veterans' benefits*." *Id.* at 1023 (emphasis added). Accordingly, the Ninth Circuit has specified that the VJRA's broad bar

> extends not only to cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits, but also to those *decisions that may affect such cases*. If that test is met, then the district court must cede any claim to jurisdiction over the case, and parties must seek a forum in the Veterans Court and the Federal Circuit.

*Id.* at 1025–26 (internal citations omitted) (emphasis added). Accordingly, "the bar applies not only to the VA's actual benefits decisions, but also to the VA's resolution of predicate 'questions of law and fact … under a law that *affects* the provision of

**Page 8 – Defs.' Motion for Judgment on the Pleadings**

benefits.'" *Gila River Indian Cmty.*, 899 F.3d at 1080 (quoting 38 U.S.C. § 511(a)) (emphasis in original); *see also Blue Water Navy Vietnam Veterans Ass'n, Inc. v. McDonald*, 830 F.3d 570, 574 (D.C. Cir. 2016) (explaining § 511(a) precludes judicial review if a benefits denial "underlies" the allegations); *Veterans for Common Sense*, 678 F.3d at 1029 (holding no Article III jurisdiction for organization's claims concerning mental health care benefits).

Applying this broad bar, circuit courts have repeatedly dismissed claims by non-veterans that may affect the provision of veterans' benefits. *See, e.g.*, *Gila River Indian Cmty.*, 899 F.3d at 1079 (holding VJRA barred challenge to VA's refusal to reimburse provider for care provided to veterans); *Blue Water Navy Vietnam Veterans Ass'n*, 830 F.3d at 574 (holding organization's challenge to availability of benefits for Agent Orange exposure barred by § 511(a)); *Bates*, 398 F.3d at 1364 (holding lawyer's challenge to loss of accreditation to represent veterans before VA fell within VJRA's exclusive jurisdiction scheme).

The Federal Circuit has likewise concluded that a school's challenge to its loss of approval status would affect the provision of benefits under the Post-9/11 G.I. Bill and fell within the exclusive jurisdiction of the Veterans Court. In *Ashford University, LLC v. Secretary of VA*, VA notified a university that it had not received approval from the proper state approving agency. 951 F.3d 1332, 1336 (Fed. Cir. 2020). The university challenged this decision by submitting a petition under 38 U.S.C. § 502 to the Federal Circuit. Section 502 provides an exception to the judicial bar of § 511(a) and allows a party to petition the Federal Circuit to review

**Page 9 – Defs.' Motion for Judgment on the Pleadings**

VA substantive rules of general applicability. *See* 38 U.S.C. §§ 502, 511(b)(1). The Federal Circuit dismissed the petition because VA's decision regarding the school's approval status was part of an adjudication rather than a rule of general applicability. *Ashford Univ.*, 951 F.3d at 1338. The school argued that if § 502 did not apply then VA's decision would escape judicial review. The Federal Circuit rejected the argument after concluding that a decision on the university's approval status would affect the provision of education benefits to veterans, and thus fell within the exclusive jurisdiction of the Veterans Court. *Id.* at 1341 ("[W]e conclude that the [VJRA's specialized review process] is applicable to the VA's actions in question.").

B.  **This Case Relates to VA Benefits**

There is no disputing that KCC's action would require the Court to review VA decisions that affect the provision of education benefits. As KCC puts it, this case challenges VA's "scheme to *limit veterans' benefits* …." FAC ¶ 6 (emphasis added). Per KCC, VA did this by conducting "compliance surveys" and deciding that "it should not have approved [KCC's flight program]." *Id.* ¶¶ 7–9. KCC now challenges these actions to thwart "VA's wrongful claim that it overpaid KCC approximately $1.3 million in Post-9/11 G.I. Bill *benefits* …." *Id.* ¶ 11 (emphasis added).[3] By statute, benefits paid to schools are based on the eligibility of

---

[3] This summary of KCC's action is not cherrypicked. The Amended Complaint refers to "benefit" or "benefits" 33 times. *See* FAC ¶¶ 2, 5, 6, 9, 11, 21–24, 31–33, 43, 45, 50, 52, 65, 66, 69–71, 73, 126, 127. And it uses the term "Alleged Tuition/Fees Debt," which KCC defines as the challenged "Post-9/11 G.I. Bill benefits," another 19 times. *See id.* ¶¶ 62, 65, 66, 72, 74–76, 79, 102–04, 111, 133.

**Page 10 – Defs.' Motion for Judgment on the Pleadings**

individual veterans and are paid on behalf of those veterans.  See 38 U.S.C. § 3313(a), (h); *Ashford*, 951 F.3d at 1335.

The VA decisions KCC wants the Court to review confirm that this case falls within the exclusive jurisdiction of the Veterans Court.  KCC challenges VA's alleged decision "that no *benefits* (for any class) *should be paid* for any VA student enrolled in any of the flight degree programs at KCC for any period beginning on or after November 1, 2015."  JSR (ECF 51) at 2 (emphasis added).  This decision, on its face, affects the provision of educations benefits.  Moreover, KCC contends the decision "that no benefits … should be paid" stems from VA retroactively revoking approval for KCC's flight-school program.  FAC ¶¶ 126–27.  Course approval likewise is a question that affects the provision of VA benefits.  *See Ashford Univ.*, 951 F.3d at 1341 ("We conclude that the system of Board review is applicable to the VA's actions in question.").  Course approval is governed by 38 U.S.C. §§ 3670 *et seq*.  Per 38 U.S.C. §§ 3313(a) and 3672(a), veterans enrolled in KCC courses cannot receive education benefits for such enrollment unless those courses are "approved."  As such, whether VA validly revoked approval for KCC's courses, as alleged, is a question of law and fact under a law that directly affects whether veterans enrolled in those courses should have received education benefits.  KCC's complaint admits so much.  KCC describes the issue as whether "benefits … should be paid for any

**Page 11 – Defs.' Motion for Judgment on the Pleadings**

VA student enrolled … at KCC," and that this "decision resulted in a finding that KCC was liable for over $1 million in overpaid Post-9/11 G.I. benefits." FAC ¶ 126.[4]

KCC's challenge to VA's January 2018 letter and April 2018 report (the "Compliance Findings") is similarly barred by the VJRA. As part of its oversight of education benefits paid to KCC, VA audited KCC pursuant to 38 U.S.C. § 3693. KCC now challenges the Compliance Findings made through that oversight, including findings that KCC violated statutory recordkeeping, certification, and reporting requirements for its enrolled VA beneficiaries. These findings underlie whether KCC students properly received education benefits for the audited courses. The Court is thus asked "to resolve predicate 'questions of law and fact … under a law that *affects* the provision of benefits.'" *Gila River Indian Cmty.*, 899 F.3d at 1080 (quoting 38 U.S.C. § 511(a)) (emphasis in original). And again, KCC's complaint admits so much. In challenging the Compliance Findings, KCC asserts that it "has already rebutted all of the findings," and "[t]hus the VA's ultimate determination that KCC owes approximately $1.3 million … in [benefits] overpayments must be set aside." FAC ¶ 121. That is, KCC wants the Court to find the Compliance Findings for the individual beneficiaries are arbitrary and capricious, and determine KCC students were entitled to education benefits for

---

[4] That VA already paid KCC the tuition assistance and the issue involves recouping rather than providing benefits is of no consequence. "There is no material difference between [VA] deciding to grant benefits, deny benefits, or, as here, rescind benefits." *Bracken v. United States*, No. 3:19-cv-982-J-34PDB, 2020 WL 3610810, at *4 (M.D. Fla. July 2, 2020) (dismissing for lack of jurisdiction challenge to VA recoupment of benefits).

**Page 12 – Defs.' Motion for Judgment on the Pleadings**

those courses. The VJRA bars the Court from reviewing decisions that so plainly affect the provision of benefits. *See Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000) (ruling court lacked jurisdiction to consider claim where "underlying the claim is an allegation that" VA wrongly denied benefits).

Because resolution of KCC's challenge to benefits payments, approval status, and tuition discrepancies "may affect" the provision of veterans' education benefits, the Court "must cede any claim to jurisdiction over the case, and [KCC] must seek a forum in the Veterans Court and the Federal Circuit." *Veterans for Common Sense*, 678 F.3d at 1025–26.

## CONCLUSION

For these reasons, the Court should grant VA's motion and dismiss this case for lack of subject matter jurisdiction.

DATED this 5th day of October, 2023

> NATALIE K. WIGHT
> United States Attorney
> District of Oregon
>
> */s/ Patrick J. Conti*
> PATRICK J. CONTI
> Assistant United States Attorney
> Attorneys for Defendants

**Page 13 – Defs.' Motion for Judgment on the Pleadings**